O'DWYER, J.   The motion was made on the ground of the insufficiency of the moving affidavit, the affidavit alleging "that an examination of the judgment debtor under the judgment of plaintiff was had in 1897, and discontinued and abandoned, and no property was reached or discovered on said examination; that deponent verily believes that since said examination the said Frederick H. Schroeder has acquired property, and is now the owner of thousands of shares of stock in the Standard Gold Production Company, of Boulder county, Colorado, worth more than the sum of one thousand dollars." A second order for the examination of a judgment debtor will not be granted, except upon proof that he has since acquired property; and the allegation in the affidavit that the deponent verily believes the defendant has acquired property is insufficient.   He should have stated the grounds for that belief, and, having failed to do so, the affidavit is defective, and the motion to dismiss the proceeding should have been granted.   Pierce v. Parrish, 28 App. Div. 22, 50 N. Y. Supp. 735; Losee v. Allen, 17 Misc. Rep. 275, 40 N. Y. Supp. 349.

Order appealed from reversed, and motion to vacate and set aside the second order for the examination of the judgment debtor granted, with $10 costs and disbursements, to be credited upon the judgment herein.

McCARTHY, J., concurs.

---

### ROBINSON v. METROPOLITAN ST. RY. CO.

(City Court of New York, General Term.   April 5, 1900.)

STREET RAILROADS—INJURIES TO PASSENGERS—DAMAGES.
   A street-car passenger was thrown to the ground and injured, so as to require treatment at a hospital.   Her neck was stiffened, and her shoulder joint was so injured as to prevent her from engaging in her occupation, at which she could have earned seven dollars per week, up to the time of trial.   A bursa was ruptured, and the muscles and tendons around the joint were torn.   Held, that a verdict for $750 was not excessive.

Appeal from trial term.

Action by Alice M. Robinson against the Metropolitan Street-Railway Company.   Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before McCARTHY, O'DWYER, and HASCALL, JJ.

Robinson & Little, for appellant.

Vorhous & Fisher, for respondent.

O'DWYER, J.   The action is brought to recover damages for personal injuries sustained by the plaintiff by reason of the carelessness and negligence of the defendant, and failure to give the plaintiff a reasonable opportunity to alight from one of its cars on which the plaintiff was a passenger.   On June 17, 1898, the plaintiff was a passenger on a north-bound Lexington avenue car operated by the defendant.   She was accompanied by her daughter.   As the car approached Sixty-Seventh street, they signaled the conductor to

stop, and, in response to this signal, the car came to a standstill at a point beyond Sixty-Seventh street. On behalf of the plaintiff it was claimed that her daughter then alighted, and plaintiff got hold of the stanchion at the side of the car, which was an open car, and was in the act of alighting, with one foot on the running board and about to place the other upon the ground; that the car suddenly started up, jolting and throwing the plaintiff to the ground, and as a result of which the plaintiff sustained injuries, to recover for which this action is brought. On behalf of the defendant it was claimed that the plaintiff preceded her daughter in alighting from the car, and attempted to alight therefrom before the car came to a full stop. Upon this conflict in the evidence, and without any motion being made on defendant's behalf to dismiss the complaint, or for a direction in its favor at the close of the case, the trial justice, in a fair and impartial charge, to which no exception was made, submitted the question in issue to the jury for its determination, who found for the plaintiff. Upon this appeal the defendant claims that the plaintiff failed to make out a case by the preponderance of evidence, and that the verdict was excessive. After a careful review of all the testimony, we are of opinion that the case was properly submitted to the jury, and that their verdict is sustained by the evidence. The jury awarded $750 damages, and this sum is not excessive. The plaintiff was thrown to the ground, and struck on her shoulder, side, and knee. She was assisted to her feet by her daughter and a policeman, and went to the hospital, where she was treated, and the treatment was continued by her physician. Her body was bruised, her neck stiffened, and her left arm disabled; and the stiffness of her neck and the disability of her arm continued up to the time of the trial. The plaintiff was at the time of the accident engaged in business as a milliner and fancy sewer, earning on an average seven dollars a week, and has been compelled, by reason of her injuries, to discontinue this occupation, she being left-handed, and unable to hold the scissors or a piece of work owing to the numbness of her arm. Her physician testified as to the contusions, tenderness, and soreness which he found the day following the accident, and more particularly pointed out the injury to her left shoulder joint, a serious sprain due to rupture of the bursa and a tearing of the muscles and tendons around the joint. Owing to this sprain, the motion of the arm is limited, and is accompanied with considerable pain. There has been some improvement, but at times the suffering is aggravated. The sprain is not such a one as could be cured in a short time, and the plaintiff was still suffering from it at the time of the trial. Although not called to our attention by the appellant's brief, we have examined the exceptions taken during the trial, and found them to be without merit, so far as to enforce a reversal.

The judgment and order appealed from should be affirmed, with costs. All concur.